**George v. Semple**

*Joseph J. May*, for plaintiff.
*John R. Wingerter*, for defendant.

McCLELLAND, *J.*, July 13, 1981—Plaintiff instituted the within complaint because of injuries she sustained while assisting defendant during an operation.

Plaintiff is a "scrub nurse" generally employed by Hamot Medical Center. While acting as a scrub nurse on December 14, 1978 a restraining belt was dislodged and struck plaintiff on the wrist, causing her injury. Plaintiff alleges that defendant caused the restraining belt to strike her arm.

Defendant has filed preliminary objections which we will analyze in the order in which they were raised.

First, defendant argues that this court lacks jurisdiction over the subject-matter of this case since both parties were health care providers and they must, therefore, proceed under the Health Care Services Malpractice Act, 40 P.S. § 1301-101 et seq.

Even a cursory examination of the HCSMA reveals the illegitimacy of defendant's claim. Section 1301-102 of the act clearly reveals that the purpose of the act is to facilitate patients' claims for personal injury sustained while under the care of a health

care provider. Additionally, as plaintiff correctly argues, the right to file a complaint under the HCSMA is limited by section 1301-401 to patients or their representatives and, at the time of her injury, plaintiff was assuredly not a patient.

Thus, we reject defendant's contention that the HCSMA deprives this court of jurisdiction.

Defendant next argues that this suit is barred as an action by an employee against an employer under the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq.

Pennsylvania's Workers' Compensation statute relies on general principles of master-servant law in determining who is an employee under the act. Specifically, section 22 states:

The term "employee" as used in this act is declared to be synonomous with servant, and included . . .

All natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer . . .

Both parties agree that the pivotal factor which the court must examine re the master-servant relationship is the right to control. If plaintiff was subject to defendant's control either with regard to her work or to her manner of performing the work, then she was the defendant's servant at that point in time. Cf. Smakosz v. Beaver Falls, 209 Pa. Super. Ct. 115, 119, 224 A. 2d 785 (1966); Bogan v. Smoothway Constr. Co., 183 Pa. Super. Ct. 170, 130 A. 2d 207 (1957).

The proper status of a nurse with respect to an operating surgeon has arisen before, ableit in a different context.

In McConnell v. Williams, 361 Pa. 355, 65 A. 2d

243 (1949) the issue was whether a nurse was the servant of the operating physician, thereby subjecting the physician to liability for the negligent acts of his servant, the nurse. The same test which we must apply to the instant case, i.e. right of control, was also applied in McConnell, supra. The court held:

A person may be the servant of two masters, not joint employers, at one time as to one act, provided that the service to one does not involve abandonment of the service to the other: Rest. Agency, Section 226. Such is the case where an employee is transferred to carry on work which is of mutual interest to both of two employers and to effect their common purpose: Siidekum, Administrator v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 414, 45 A. 2d 59, 62; Kissell v. Motor Age Transit Lines, Inc., 357 Pa. 204, 209, 53 A. 2d 593, 596.

When different inferences can fairly be drawn from the evidence as to who is the controlling master of the borrowed employee at the time of the commission of the negligent act, it is for the jury, not the court, to determine the question of agency: Dunmire v. Fitzgerald, 349 Pa. 511, 516, 37 A. 2d 596, 599; Siidekum, Administrator v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 414, 45 A. 2d 59, 62; Kissell v. Motor Age Transit Lines, Inc., 357 Pa. 204, 209, 53 A. 2d 593, 595, 596.

See, also, Benedict v. Bondi, 384 Pa. 574, 112 A. 2d 209 (1956). (Issue is whether student nurse was under the control of the operating surgeon.)

While the cases cited above involve the issues of vicarious liability and respondent superior, we believe that their governing principles are equally applicable to the case at bar where the question is the relationship between doctors and nurses. Even given

the depositions and pleadings in the instant action, differing inferences can be drawn regarding plaintiff's relationship to defendant at the time of her injury, so that the court is not competent to decide the issue as a matter of law. The question has become a factual issue to be submitted to the jury at trial.

Defendant's final preliminary objection is in the nature of a request for a more specific complaint. We grant defendant's request as to items two (bills and expenses) and three (dates which plaintiff missed work) pursuant to Pa.R.C.P. No. 1019(f) but find that plaintiff has stated the material facts of the case as required by Rule 1019(a). Plaintiff will have ten days in which to amend the complaint in accordance with this opinion.